NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
GEORGE E. PENCE (Cal. Bar No. 257595)
Assistant United States Attorney
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2253
     Facsimile: (213) 894-2927
     E-mail:    george.pence@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>              v.<br><br>JOHN PATRICE HALE,<br>   Aka "Frost K Blizzard,"<br><br>           Defendant. | No. CR 17-0703-DSF<br><br>PLEA AGREEMENT FOR DEFENDANT <u>JOHN PATRICE HALE</u> |

1.   This constitutes the plea agreement between JOHN PATRICE HALE ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2.   Defendant agrees to:

     a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count Six of the

indictment in <u>United States v. John Patrice Hale</u>, CR No. 17-0703-DSF, which charges defendant with making threats to injure in interstate commerce, in violation of 18 U.S.C. § 875(c).

      b.   Not contest facts agreed to in this agreement.

      c.   Abide by all agreements regarding sentencing contained in this agreement.

      d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f.   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

      g.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

      h.   Make restitution at or before the time of sentencing, and not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

      a.   Not contest facts agreed to in this agreement.

      b.   Abide by all agreements regarding sentencing contained in this agreement.

        c.  At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

        d.  At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

        e.  With respect to Count Six, recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 13 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A , without regard to reductions in the term of imprisonment that may be permissible through the substitution of community confinement or home detention as a result of the offense level falling within Zone B or Zone C of the Sentencing Table.

## NATURE OF THE OFFENSE

4.  Defendant understands that for defendant to be guilty of the crime charged in Count Six, that is, making threats to injure in interstate commerce in violation of Title 18, United States Code,

3

Section 875(c), the following must be true: first, defendant knowingly transmitted in interstate or foreign commerce a message; second, such message was transmitted for the purpose of issuing a threat, or with knowledge that the message would be viewed as a threat.

PENALTIES AND RESTITUTION

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, section 875(c), is: 5 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result of (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts. The parties currently believe that the applicable amount of restitution is approximately $6,605.31, but recognize and agree that this amount could change

based on facts that come to the attention of the parties prior to sentencing.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial

of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

> In or before May 2017, R.E., a real estate broker, commenced legal proceedings in the Inglewood Courthouse in Inglewood, California to evict defendant and others from a residence located in the Central District of California. In an effort to disrupt those proceedings and to retaliate against R.E., as well as to disrupt his stepdaughter's employment at Company A, a nation-wide moving and storage resource company, defendant engaged in the following conduct:
>
> ### The May 12 and May 16, 2017 Threats Resulting in Evacuations of the Inglewood Courthouse
>
> On May 12 and May 16, 2017, from Los Angeles, California, defendant used the Internet to intentionally convey in writing

1    to the Los Angeles Sheriff's Department ("LASD"), through its
2    Court Services Division website, false and misleading
3    information, namely the following three written threats directed
4    at the Inglewood Courthouse, which defendant transmitted for the
5    purpose of issuing threats and with knowledge that they would be
6    viewed as threats:
7         May 12, 2017 Threat
8    s. Muhammed |
9    Our brotherhood will celebrate today when allah sets the
     explosives planted in Inglewood sheriff vehicles at
10   Inglewood court.
11   All praises due | takbeer | smuhammed@yahoo.com
12        First May 16, 2017 Threat
13   m. Muhammad | Greetings
14   How did Inglewood sheriff enjoy our ransomeware?  Or our
     brothers shooting at police yesterday at Figueroa and
15   108th?  Today if Inglewood sheriff serves any notices ISIS
     will harm one child per notice.  Starting with school
16   across street from Inglewood court.  We have reported our
     info to your local news.
17
          Second May 16, 2017 Threat
18
     Item under deputy car.  Impact for half city block.  6
19   hours to locate it.  At Inglewood sheriff station.  If you
     have units out better call them back in.
20
     Takbeer!From: talibEmail: talibisis@yahoo.com
21
          Reasonable people could and did believe the false and
22
     misleading information concerning explosives referenced in the
23
     May 12 and Second May 16, 2017 threats, which, if true would
24
     have constituted violations of Title 18, United States Code,
25
     Section 2332a, involving weapons of mass destruction.  For
26
     example, in response to all three instances of false and
27
     misleading information, law enforcement and public officials
28

                                    7

1    caused the Inglewood Courthouse to be evacuated, including the
2    Inglewood Courthouse snack bar (the "snack bar"), which
3    purchases and sells goods that travel to California from
4    locations out of state.  The snack bar incurred at least $450.00
5    in losses due to the closures, thus affecting interstate
6    commerce.

7    <u>The May 15, 2017 Threats that Did Not Result in the</u>
8    <u>Evacuation of the Inglewood Courthouse</u>

9    On May 15, 2017, from Los Angeles, defendant again used the
10   Internet to intentionally convey in writing to the LASD, through
11   its Court Services Division website, false and misleading
12   information, namely the following threats directed at the
13   Inglewood Courthouse, which defendant transmitted for the
14   purpose of issuing threats and with knowledge that they would be
15   viewed as threats:

16   <u>First May 15, 2017 Threat</u>

17   navid muhammad |All praises due to allah.

18   You infidels prosecuted our beloved brother Friday and now
     we will prosecute your officers.  We couldnt trigger our
19   xplosives Friday you still had our brother.  Allah willing
     we will be able to take out as many officers that pull out
20   your parking structure.  It will be a plus to take part of
     your american school across the street.  ISIS will have
21   revenge today.  It maybe a headshot from one of our snipers
     maybe a grenade as they pull out parking building and stop
22   maybe explosive on one of the vehicles we were able to
     access.  All praises due.  May Inglewood feel our wrath
23   today.  From 830 to 4pm we will destruct Inglewood sheriff.
     The only safety they will have today is to stay inside
24   today.  If we see any patrol cars leave we will begin our
     celebration of revenge.  All praises due.  Takbee! Takbeer!
25
     Allah | infidels | n.muhammad|
26
          <u>Second May 15, 2017 Threat</u>
27
     M. Muhammad |All praises due to allah.
28

8

> You infidels prosecuted our beloved brother Friday and now we will prosecute your officers. We couldnt trigger our xplosives Friday you still had our brother. Allah willing we will be able to take out as many officers that pull out your parking structure. It will be a plus to take part of your american school across the street. ISIS will have revenge today. It maybe a headshot from one of our snipers maybe a grenade as they pull out parking building and stop maybe explosive on one of the vehicles we were able to access. All praises due. May Inglewood feel our wrath today. From 830 to 4pm we will destruct Inglewood sheriff. The only safety they will have today is to stay inside today. If we see any patrol cars leave we will begin our celebration of revenge. All praises due. Takbee! Takbeer!
>
> Allah | infidels | M.muhammad@gmail.com

Reasonable people could and did believe the false and misleading information contained in these threats concerning explosives, which, if true would have constituted a violation of Title 18, United States Code, Section 2332a, involving weapons of mass destruction. Specifically, law enforcement conducted K9-assisted sweeps of the courthouse parking lots in search of suspicious packages, wires, and other explosives, and LASD deputies armed with assault rifles monitored the area. If an explosive had been either found undetonated or detonated at the Inglewood Courthouse, then LASD would have evacuated the building. Such an evacuation would have caused the snack bar, which purchases and sells goods that travel to California from locations out of state, to lose revenue, thus affecting interstate commerce.

Moreover, all of the threats defendant transmitted on May 15 and May 16, 2017 passed through Internet Protocol addresses located outside California before reaching the LASD Court Services Division website, and therefore were transmitted in interstate commerce.

9

1    Due to closures of the Inglewood Courthouse resulting from
2    defendant's threats, the LASD incurred at least $2,645.31 of
3    losses in the form of overtime wages.

4    The May 23, 2017 Threat Resulting in the Evacuation of
5    Company A

6    On May 23, 2017, defendant was having an argument with his
7    stepdaughter, who worked at the Los Angeles office location of
8    Company A.  Defendant used the Internet to intentionally convey
9    to that office false and misleading information, namely, the
10   following written threat, in order to disrupt his stepdaughter's
11   work:

12   All praises to Allah.  Today, we will detonate an explosive
     at your La Brea and Arbor Vitae location if our needs
13   aren't met by your company.  ISIS.

14   Reasonable people could and did believe this false and
15   misleading information, which, if true would have constituted a
16   violation of Title 18, United States Code, Section 2332a,
17   involving weapons of mass destruction.  Specifically, Company
18   A's office manager sent all of Company A's employees home for
19   the day and contacted law enforcement, which responded to the
20   location to investigate.  Defendant sent this false and
21   misleading information over the Internet from Los Angeles via
22   Company A's website to computer servers located in Arizona and
23   Virginia, thus affecting interstate commerce, including by
24   causing Company A to suffer losses in the form of wages paid to
25   employees who did not work of at least $3,510.

26   The May 25, 2017, False Report to the FBI Tip Line
27   On May 25, 2017, defendant used the Internet to knowingly
28   and willfully made a false writing and submitted it to the

10

1 Federal Bureau of Investigation's ("FBI") online Tip Line, which
2 contained a certification to the effect: "The information I've
3 provided on this form is correct to the best of my knowledge. I
4 understand that providing false information could subject me to
5 fine, imprisonment, or both. (Title 18, U.S. Code, Section
6 1001)."

Defendant's false writing stated:

> I worked for [R.E.] in the real estate field. Last night after work we stopped at bar for couple drinks. After a few drinks [R.E.] began to disclose personal information to me and how he makes his real money. [R.E.] stated to me he has over 75 explosives he uses to blow homes up and collect insurance from them. He really alarmed me when he told me for the right price he would supply ISIS with explosives even planting them for them. He made some sort of contact with some organization overseas. He said isis gave him instructions to send inglewood sheriff department bomb threats via email. I dont know if he went thru with it or not. As we left he showed me 5 explosives in his trunk. He described them saying one could level a 3 story home to this one can level the staples center. I then caught w cab. Have quit my job. And now moving. This man is dangerous. I never expected this from an older american man. I wish not to disclose my personal information. This is his information below.
>
> [Company Name]
>
> [Address]
>
> [Phone Number]
>
> [California Department of Real Estate Number]

Defendant knew these statements were false because (1) R.E. never told defendant that for the right price he would supply the designated foreign terrorist organization known as the Islamic State (also known as "ISIS") with explosives; (2) R.E. never told defendant that for the right price he would plant explosives for ISIS; (3) R.E. never told defendant that ISIS had instructed R.E. to send bomb threats via email to the LASD's

11

1    branch location in Inglewood; (4) R.E. never showed defendant
2    explosives; and (5) R.E. never said that he possessed explosives
3    that could destroy structures ranging in size from a three-story
4    home to the Staples Center in Los Angeles, California.

### SENTENCING FACTORS

11.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 12 | U.S.S.G. § 2A6.1 |
| Specific Offense Characteristics | | |
| Substantial Disruption of Public, Governmental, or Business Functions or Services | +4 | U.S.S.G. § 2A6.1(b)(4)(A) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate, except that the USAO

agrees not to argue that a sentencing enhancement pursuant to U.S.S.G. § 3A1.4 concerning terrorism is appropriate.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

1    g.   The right not to be compelled to testify, and, if
defendant chose not to testify or present evidence, to have that
choice not be used against defendant.

   h.   Any and all rights to pursue any affirmative defenses,
Fourth Amendment or Fifth Amendment claims, and other pretrial
motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

16.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 18 months' imprisonment, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).  Defendant also agrees that defendant gives up the right to appeal the amount and terms of any restitution or

14

reimbursement order, provided it requires payment of no more than $6,605.31.

18. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 12 months' imprisonment, the USAO gives up its right to appeal any portion of the sentence ,with the exception that the USAO reserves the right to appeal the amount of restitution ordered.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

22. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

1      c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

23.  Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may

17

be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

26.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED
UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

*[signature]*                                                5/24/2018
_____          _____
GEORGE E. PENCE                                              Date
Assistant United States Attorney

*[signature]*                                                05/22/2018
_____          _____
JOHN PATRICE HALE                                            Date
Defendant

*[signature]*                                                May 23, 2018
_____          _____
DEOBORAH GONZALEZ                                            Date
Attorney for Defendant JOHN PATRICE
HALE

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those

contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_/s/ John P. Hale_  05/22/2018
JOHN PATRICE HALE   Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JOHN PATRICE HALE's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_/s/ Deborah Gonzalez_  May 23, 2018
DEBORAH GONZALEZ   Date
Attorney for Defendant JOHN PATRICE HALE